UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT GREENEVILLE

| | | |
|---|---|---|
| JULIUS D. WALKER and <br> JUDY ANN WALKER, <br> Plaintiffs, | § <br> § <br> § <br> § | |
| VS. | § <br> § | Civil Action No.: 2:10-CV-164 |
| MOLDEX-METRIC, INC., <br> 3M COMPANY, AS SUCCESSOR BY <br> MERGER TO MINNESOTA MINING <br> & MANUFACTURING COMPANY <br> AND/OR ITS PREDECESSOR/ <br> SUCCESSOR IN INTEREST, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § | § |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW Julius D. Walker & Judy Ann Walker, hereinafter sometimes referred to as Plaintiffs, complaining of, Moldex-Metric, Inc. and 3M Company, as Successor by merger to Minnesota Mining & Manufacturing Company and/or its predecessor/successor in interest, hereinafter sometimes referred to as Defendants, and would respectfully show unto the Court and Jury the following:

### I.

1. Plaintiffs are resident citizens of Hawkins County, Tennessee

2. Defendant **MOLDEX-METRIC, INC.** is a foreign corporation organized and existing under the laws of the State of California, whose principal office is located at 10111 Jefferson Blvd., Culver City, Los Angeles County, California. Defendant has failed to designate a registered agent for service of process, and thus, may be served pursuant to Tennessee Code 48-15-104, by serving a copy of the summons and the original complaint to the Secretary of State of Tennessee at 312 Rosa L. Parks Avenue, 6th Floor, Snodgrass Tower, Nashville, TN 37243-1102 as agent of service of

process for Defendant Moldex-Metric, Inc., with summons and original complaint to be forwarded via certified mail, return receipt requested to c/o registered agent, to James E. Hornstein at 10111 Jefferson Blvd., Culver City, Los Angeles County, CA 90232.

3. Defendant, **3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/SUCCESSORS IN INTEREST,** (hereinafter "3M Company") is a Delaware corporation authorized to do business in the State of Tennessee. The Defendant may be served with summons and original complaint for service of process by serving its registered agent, C T Corporation System at 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

## II.

## JURISDICTION

4. Plaintiff would show that venue is proper in Greene County, Tennessee because all or part of the cause of action which is the basis of this lawsuit accrued in Greene County, Tennessee and one or more of the Defendants principle places of business is in Greene County, Tennessee.

5. Plaintiffs would show that jurisdiction is proper in this Court because all parties are nonresidents. Therefore diversity jurisdiction exists and this case is properly filed pursuant to 28 U.S.C. § 1332 (a)(1)(2006).

## III.

## FACTUAL BACKGROUND

6. It has become necessary for Plaintiffs to bring this suit against this Defendant because of the serious and permanent bodily injuries inflicted upon Plaintiff, Julius D. Walker, as a result of his exposure to silica and silica dust during the approximately 18 years (1989-2007) he was employed as a bagging operator at Minco, Inc., 510 Midway Circle, TN. While employed as a bagging operator, Julius D. Walker worked in an area causing exposure to respirable free silica,

despite existence of proper engineering controls. Consequently, Mr. Walker was provided a Moldex 2200 respirator by his employer for protection against this free silica.

## IV.

## PRODUCT LIABILITY DESIGN DEFECT

7. Plaintiffs incorporate for all purposes paragraphs 1 – 5 for purposes of the causes of action enumerated herein.

8. Upon trial of this case, the evidence will show that the Plaintiff, Julius D. Walker, while employed as a bagging operator, was supplied with a Moldex 2200 and a Moldex 2300 and/or a 3M 8511 respirator by his employer for protection against this free silica This respirator was manufactured and sold by the Defendants, Moldex-Metric, Inc. and 3M Company, for such use in and atmosphere containing dust and were defectively designed and insufficient for such use. As a result of such defective and unreasonably dangerous conditions, Plaintiff, Julius D. Walker, developed the diseased condition of his lungs known as silicosis. Plaintiff would show that the injuries and damages he sustained were caused by a defect or defects in the design, manufacture and/or marketing of these respirators, and that such a defect or defects were present at the time the Defendants designed, manufactured, fabricated and/or distributed the product in question. It will further be shown that such defect or defects made the products unreasonably dangerous to those persons such as Plaintiff Julius D. Walker, who could reasonably be expected to use and rely upon such products and that such defect or defects were a producing cause of Plaintiff's injuries and damages. These Defendants is therefore liable under the Doctrine of Strict Liability in Tort.

9. Pleading further as to the propriety of exemplary and/or punitive damages in this case, the evidence will show that Moldex Metric Inc. manufactured the Moldex 2200 was used by the Plaintiff while exposed to free silica. The evidence will show that the Moldex 2200 did not meet the federal regulatory requirements for certification for use around this type of dust

pursuant to 30 C.F.R. § 11.140-5 (1972-98). The evidence will show that Moldex Metric failed to perform any internal quality control testing of the Moldex 2200 to remain in compliance with 30 C.F.R. § 140-5. Consequently, Moldex Metric violated federal regulations by failing to follow the quality control requirements under 30 C.F.R. § 11.41 (d) (2) and § 11.42 (c) which required Moldex Metric to remove its NIOSH certification if it could not comply with the NIOSH certification requirements. Moldex Metric therefore deliberately, intentionally and willfully mislead the potential purchasers of these masks and the ultimate users of this mask, such as the Plaintiff, by:

    a.    failing to comply with NIOSH requirements to perform quality control testing;

    b.    misrepresenting to the consuming public that the Moldex 2200 was a certified as a single use dust respirator even though no quality control tests were performed on the respirator;

    c.    fraudulently representing that the Moldex 2200 complied with federal certification requirements when it did not.

9. The above misrepresentations were made by the Defendant who was engaged in the business of selling a product and the misrepresentations related to material facts regarding the quality of the product sold to Plaintiff's employer. Consequently, the Defendant, Moldex Metric, is liable for misrepresentation pursuant to 402B of the Restatement of Torts.

10. These forgoing acts of misrepresentation, both individually and collectively, also illustrate a deliberate, willful and conscious disregard for Plaintiff's safety and the safety of others. These acts by Moldex Metric constitute reckless conduct and "ill-will" to intentionally harm others. This Defendant, through its vice principals, acted with such conscious disregard in order to preserve its market share regarding the sale of these respirators/dust masks which would have otherwise been extinguished had Moldex Metric disclosed its certification problems to the

consuming public. Therefore Moldex Metric is responsible for exemplary and/or punitive damages pursuant to Tennessee law.

11. At all material times, 3M was engaged in the business of manufacturing, distributing, supplying and/or marketing respirators intended to protect users of those respirators, including Plaintiff, from silica dust.

12. 3M's respirators were used by Plaintiff in order to protect Plaintiff from inhalation of silica dust.

13. 3M's respirators failed to protect Plaintiff from inhaling silica dust thereby directly causing or contributing to cause Plaintiff damage in that he contracted silica dust induced airway obstruction through the inhalation of respirable silica.

14. The 3M respirators were in a defective condition and unreasonably dangerous for use in the expectable environment of use of said respirators when placed in the stream of commerce by 3M. Said defective, unreasonably dangerous condition caused or was a contributing cause of the injuries and damages which are the basis of this suit.

15. 3M is liable to Plaintiff because as designer, manufacturer, distributor, and/or seller of its products in a defective, unreasonably dangerous condition, 3M owed Plaintiff a strict duty not to cause harm through the use of 3M's defective and unreasonably dangerous products.

16. Further, 3M sold and placed in the stream of commerce defective and unreasonably dangerous respirators which were not safe for their reasonably anticipated use when 3M:

    (a)    knew, or with the exercise of reasonable care should have known, that its respirators would not protect against silica dust, and, therefore, the respirators were in a defective, unreasonably dangerous condition;

    (b)    failed to warn and/or adequately warn Plaintiff of such dangers that were posed by 3M's defective and unreasonably dangerous respirators;

(c) knew or it was reasonably foreseeable, that 3M's respirators would be used by users or consumers such as Plaintiff, in the manner in which 3M's respirators were used by Plaintiff;

(d) failed to instruct Plaintiff in the proper use of 3M's respirators to protect Plaintiff from harm, if, in truth, there was a way that the 3M respirators could protect Plaintiff from such harm;

(e) knew, or with the exercise of reasonable care should have known, that 3M's respirators were designed in a manner where the respirators did not properly fit and could not be fitted properly to Plaintiff in the circumstances and under the conditions in which Plaintiff used the respirators;

(f) knew, or with the exercise of reasonable care, should have known that 3M's respirators were ineffective in repelling silica dust and that when Plaintiff used 3M's respirators in a manner which 3M intended for the product to be used, Plaintiff was still exposed to dangerous silica particles;

(g) knew, or with the exercise of reasonable care should have known, that 3M's respirators contained a filter which was not adequate to repel silica dust or prevent Plaintiff from breathing silica dust.

## V.

## NEGLIGENCE

17. Pleading further and in the alternative, Plaintiffs would show that these Defendants were negligent in designing, manufacturing, processing, packaging and/or distributing the abrasive blasting material used by Plaintiff, Julius D. Walker. This negligence proximately caused Plaintiff injuries and damages. This Defendant, Moldex-Metric, Inc., is therefore liable to Plaintiffs under the Doctrine of Negligence.

18. Alternatively, Plaintiffs would respectfully show unto this Court and Jury that the product in question was unreasonably dangerous due to Defendant's, Moldex-Metric, Inc., failure to give adequate and proper warnings with respect to the manner in which these products should be used. This Defendant knew or should have known that their product would be used in atmospheres

containing free silica and therefore this defendant should have warned persons like Julius D. Walker, to use limitations associated with the Moldex repirator. The evidence will show that Moldex-Metric, Inc. failed to provide warnings relating to the use limitations in one or more of the following particulars:

a) In failing to warn users that the Moldex respirator was not certified for use around silica and other pneumoconiosis producing dusts.

b) In failing to warn users that the Moldex respirator was not capable of providing protection in the concentrations of silica experienced by the user.

c) In failing to warn users that the fit check instructions which accompanied the respirator was not effective in allowing the user to determine a proper fit.

Each of the above particulars proximately caused Plaintiffs' injuries and damages.

13. Pleading further in the alternative, Plaintiff would respectfully show that the Defendant, Moldex-Metric, Inc., was negligent in the designing, manufacturing, assembling, fabricating, testing, inspecting, marketing and or distributing the product in question and that such negligence was a proximate cause of Plaintiff's resulting injuries in damages. This Defendant is therefore liable under the Doctrine of Negligence.

## VI.

### DAMAGES

19. Upon trial of this case, it will be shown that Plaintiff, Julius D. Walker, was caused to sustain permanent injuries and damages as a proximate and/or producing result of the Defendants' defectively designed or negligently manufactured products. Plaintiff therefore respectfully requests the Court and Jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law,

that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiff for the injuries and damages and losses incurred and to be incurred. From the date of the incident made the basis of this suit until the time of trial of this case, those elements of damage to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate the Plaintiff for each element as follows:

> a) The physical pain and suffering that Plaintiff has suffered from the date of the occurrence in question up until the time of trial;
>
> b) The mental anguish that Plaintiff has suffered from the date of the occurrence in question up to the time of trial;
>
> c) The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the occurrence in question up to the time of trial;
>
> d) The loss of any earning sustained by Plaintiff from the date of the occurrence in question up to the time of trial;
>
> e) The physical incapacity and disability suffered by Plaintiff and the resulting inability to do those tasks and services that the Plaintiff ordinarily would have been able to perform measured from the date of the occurrence in question up to the time of trial, and
>
> f) The disfigurement which Plaintiff has suffered from the date of the occurrence in question up to the time of trial.

20. From the time of trial of this case, the elements of damages to be separately considered which Plaintiff, Julius D. Walker, will sustain in the future beyond the trial, are such of the following elements as may be shown by a preponderance of the evidence upon trial of this case:

> a) The physical pain that Plaintiff will suffer in the future beyond the time of trial;
>
> b) The mental anguish that Plaintiff will suffer in the future beyond the time of trial;

c)  The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future and beyond the time of trial;

d)  The loss or reduction in Plaintiff's earning capacity in the future caused by the injuries sustained in the occurrence in question:

e)  The damages resulting from the physical impairment that Plaintiff will continue to suffer in the future beyond the time of trial and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial, and

f)  The shortening of Plaintiff's lifespan and longevity due to the disease and injuries sustained by him.

21. Because of all the above and foregoing, Plaintiff has been damaged and will be damaged in a sum greatly in excess of the minimum jurisdictional limits of this Court, for which sum Plaintiffs now bring suit.

## VII.

## LOSS OF CONSORTIUM

22. Plaintiff, Judy Ann Walker, would show to the Court and Jury that prior to his illness, Plaintiff, Julius D. Walker, was a hardworking, dependable husband and father who provided well for his family. As a result of his illness, he is unable to provide for them economically and is unable to perform any of the usual household services a husband and father usually furnishes to his family. Plaintiff, Judy Ann Walker, would show the Court and Jury that she is entitled to not only the support of her husband, but also his care, attention, love affection, counsel, companionship and protection.

23. Judy Ann Walker, wife of Plaintiff, Julius D. Walker, specifically incorporates all of the allegations set forth above, and asserts her individual cause of action for loss of her husband's consortium. Plaintiff would show the Court and Jury that consortium is the mutual right of a husband and wife to that affection, solace, comfort, companionship, society, assistance, and sexual

relations necessary to a successful marriage.

24. As a direct and proximate and/or producing result of the aforesaid acts of negligence, strict liability in tort, and/or breach of warranties by the Defendant, Plaintiff, Judy Ann Walker, has sustained injuries and damages as set forth above, for which she seeks to recover of and from the Defendants.

### VIII.

25. The evidence will show that Plaintiff, Julius Walker, suffers from an occupational illness which has a latency period and does not arise until many years after first exposure to toxic dust. The evidence will further show that Plaintiff's did not obtain a statutorily compliant diagnosis until March 9, 2010, a copy of the diagnosing letter is attached as Exhibit 1. Consequently, the discovery rule applies to this case and the statute of limitations has been tolled until the day that Plaintiff obtained a statutorily compliant diagnosis on March 9, 2010.

### IX.

26. Plaintiff, Julius D. Walker, is 62 years of age and, before contracting his occupational lung disease, had a life expectancy of 18 years according to the United States Life Tables, Table 6-3 (2008).

### X.

### JURY DEMAND

27. Plaintiffs, Julius D. Walker and Judy Ann Walker, assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## XI.

28. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer herein, that upon final trial and hearing hereof, Plaintiffs have their judgment against Defendants, jointly and severally, in a sum greatly in excess of the minimum jurisdictional limits, together with interest on the judgment at the legal rate, prejudgment interest, costs of court and for such other and further relief, both in law and in equity, to which the Plaintiffs may show themselves justly entitled.

Respectfully submitted,
MALONEY★MARTIN, L.L.P.

Mike Martin
SBN #13094400
The Clock Tower Building
3401 Allen Parkway, Suite 100
Houston, TX 77019
(713) 759-1600 Telephone
(713) 759-6930 Facsimile

**ATTORNEY FOR PLAINTIFFS**