UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JULIUS D. WALKER and <br> JUDY ANN WALKER, <br>     Plaintiffs, <br><br> VS. <br><br> MOLDEX-METRIC, INC., <br> 3M COMPANY, AS SUCCESSOR BY <br> MERGER TO MINNESOTA MINING <br> & MANUFACTURING COMPANY <br> AND/OR ITS PREDECESSOR/ <br> SUCCESSOR IN INTEREST, <br>     Defendants. | § § § § § § § § § § § § § | Civil Action No.: 2:10-CV-164 |

**RESPONSE TO MOLDEX-METRIC, INC'S MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Plaintiff Julius D. Walker and Judy Ann Walker and files this response to Defendant, Moldex Metric's ("Moldex") Judgment on the pleadings and would show that this motion is improper because it violates § 29-304-305 of the Tennessee Code Annotated.

**I.**
**Reinstatement of this Case is Proper Under Tenn. Code Ann. 29-34-305 (b).**

This case alleging the occupational lung disease, silicosis, was originally filed on July 14, 2008 in this Court. In the original petition, Plaintiff alleged a date of diagnosis of December 15, 2007. However, the Tennessee Legislature passed the Tennessee Silica Claims Priorities Act applicable to all cases filed after July 1, 2006. Pursuant to § 29-34-304 of the Act, Moldex objected to Plaintiffs' claim because Plaintiffs did not produce a medically compliant letter pursuant § 29-34-304. After review of the medical evidence, which did reveal that Mr. Walker suffered from silicosis, this Court concluded that the medical evidence was insufficient to meet the criteria under the Act and dismissed the

1

claim, **without prejudice.** *See, Court Document 17, Memorandum Opinion March 20, 2009, Walker v. Moldex-Metric, Inc.* No. 2:08-CV-210, page 2.

Plaintiff re-filed this case on August 6, 2010 attaching a letter written by Mr. Walker's primary treating physician dated March 9, 2010 as exhibit 1 to the petition. The letter should be in compliance with the Tennessee Silica Claims Priorities Act, and the Defendants have not filed an objection to the letter. Section 29-34-305 (b) of the Act provides as follows:

> (b) If the court finds that no genuine issue of material fact exists with respect to plaintiff's failure to make out a prima facie case as described in § 29-34-304, the court shall dismiss the plaintiff's claim **without prejudice** as a matter of law. The court shall maintain its jurisdiction over any case that is so dismissed without prejudice. Any plaintiff whose case has been so dismissed without prejudice may move at any time to reinstate the plaintiff's case, upon a renewed prima facie showing that meets the applicable minimum requirements specified in § 29-34-304.

Tenn. Code Ann. § 29-34-305 (b). Accordingly, upon receiving a compliant letter, the Plaintiff's filed this new claim. The case was filed as a new claim, as opposed to a motion to reinstate because Plaintiffs added a party, 3M Corporation, as one of the Defendants. Either way, the Plaintiffs filed the new lawsuit in this court, which is the court of original jurisdiction to the earlier claim.

The Tennessee Silica Claims Priorities Act undisputedly gives Plaintiffs the right to reinstate the earlier case. It is unclear how or in what authority the Defendant Moldex claims to be filing its motion for Judgment on the Pleadings. Moldex's motion is plainly refuted by Tennessee statute, Section 29-34-305(b). Furthermore, the Tennessee Silica Claims Priorities Act also clarifies limitations in silica cases by prescribing a different limitations period than what is cited by Moldex in its motion. The Act further provides:

> (a) Notwithstanding any other provision of law, with respect to any silica claim or mixed dust disease claim that is not barred as of July 1, 2006, the period of limitations shall not begin to run until the exposed person discovers, or through the exercise of reasonable diligence should have discovered, that the person has a **physical impairment** resulting from silica or mixed dust exposure.

Tenn. Ann. Code § 29-34-206(a). Dr. McCormack has written what Plaintiff believes is a compliant report indicating that Mr. Walker has Class 4 impairment which "is not more probably the result of causes other than silica exposure." Before the date of this letter, written in a fashion to specifically comply with section 29-34-304 of the Silica Claims Priorities Act, Mr. Walker did not have a class 4 impairment rating nor did he know whether that impairment was caused by silicosis. Prior to Dr. McCormack's rendition of this opinion, Mr. Walker could not have known that silica was the substantial contributing factor to his physical impairment. Under Tennessee's new statute, accrual of a silica claim is determined by a finding of <u>impairment</u>, not a diagnosis.

It should be noted that lung impairment can be caused by many diseases, not just silicosis. It was not until Dr. McCormack linked the impairment to silica exposure (and silicosis) that Mr. Walker could have known that his impairment was due in reasonable medical probability to silicosis. Silicosis and its etiology are difficult to ascertain because of the lengthy latency period, the many potential causes of the specific symptoms, and some physicians' lack of education and experience in identifying occupational diseases. *See,* Landrigan & Baker, *The Recognition and Control of Occupational Disease*, 266 J.A.M.A. 676 (1991); Putzrath et al., *The Diagnosis of Occupational or Environmental Illness & Injury, in* TOXIC TORTS: LITIGATION OF HAZARDOUS SUBSTANCE CASES 104, 105 (Nothstein ed., 1984) *cited by, Childs v.*

3

*Haussecker,* 974 S.W. 2d 31, 39 (Tex. 1998); see also, *Urie v. Thompson,* 337 U.S. 163, 170; 69 S. Ct. 1018; 93 L. Ed. 1282, 1292-3; (1949).

Certainly, this Court's determination that the original medical records filed did not establish that Mr. Walker suffered from impairment due to silicosis is illustrative of the point. If this Court could not assess the determination of impairment from the records filed in the first case, how could Mr. Walker have independently known his impairment was caused by silicosis, without Dr. McCormack's written letter?

Tenn. Code. Ann. § 29-34-305(b) provides the absolute right for Mr. Walker to reinstate his case upon a renewed primae facie showing. Mr. Walker filed is new claim approximately five months after Dr. McCormack wrote his impairment letter. While Mr. Walker technically should have filed a motion to reinstate, because he added a new party, it seemed to make more sense to file a new lawsuit. Either way, the case is back before this Court of original jurisdiction which specifically noted that its first dismissal was without prejudice as to refiling. Accordingly, Moldex's motion is improper and is an improper representation of the law in Tennessee. Plaintiffs respectfully request Moldex's motion be denied.

## II.
## Alternatively, Plaintiffs Officially Move To Reinstate Cause No. 2:08-CV-210 and to Consolidate 2:10-CV-164.

If this Court finds, in its wisdom, that it would have been more appropriate for Plaintiffs to file a motion to reinstate the case and then join 3M as a party, in accordance with § 29-34-305 (b), then Plaintiffs move to reinstate Cause No. 2:08-CV-210 and to consolidate this case into the earlier filed matter. While such an action may be form over substance, this Court may desire to apply the statute in this manner. In that event,

4

Plaintiffs alternatively move to reinstate 2:08-CV-210 and to consolidate 2:10-CV-164 into the original claim.

                                                Respectfully submitted,

                                                **MALONEY★MARTIN, L.L.P.**

                                                /s/Mike Martin
                                             Mike Martin
                                             SBN #13094400
                                             The Clock Tower Building
                                             3401 Allen Parkway, Suite 100
                                             Houston, TX  77019
                                             (713) 759-1600 Telephone
                                             (713) 759-6930 Facsimile

                                             **ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

  Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via Certified Mail, Return Receipt Requested, and/or via facsimile, and/or via hand delivery, and/or via U.S. Mail on this the ___17th___ day of November, 2010.

  Russell B. Morgan
  Bradley, Arant, Boult, Cummings, LLP
  1600 Division Street, Suite 700
  Nashville, TN 37203


  J. Randolph Bibb, Jr.
  Joseph W. Ballard
  Lewis, King, Krieg & Waldrop, PC
  One Center Square
  620 Market Street, Fifth Floor
  Knoxville, TN 37901

  Robert F. Chapski
  Lewis, King, Krieg & Waldrop, PC
  424 Church Street, Ste 2500
  Nashville, TN 37221


            /s/Mike Martin
            Mike Martin

6

Case 2:10-cv-00164 Document 23 Filed 11/17/10 Page 6 of 6 PageID #: 146