UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JULIUS D. WALKER and <br> JUDY ANN WALKER, <br><br> Plaintiffs, <br><br> v. <br><br> MOLDEX-METRIC, INC. and <br> 3M COMPANY, as successor by Merger <br> to Minnesota Mining & Manufacturing <br> Company and/or its predecessor/successor <br> in interest, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     No. 2:10-cv-164 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF
3M COMPANY'S MOTION TO DISMISS**

The Defendant, 3M Company (3M), incorrectly sued herein as "successor by merger to Minnesota Mining & Manufacturing Company and/or its predecessor/successor in interest"[1], respectfully submits this Memorandum of Facts and Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that plaintiffs Julius D. Walker and Judy Ann Walker (collectively "the Walkers") have failed to state a claim against 3M upon which relief can be granted.

### I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Walkers claim that Julius D. Walker ("Mr. Walker") sustained injuries caused by exposure to silica and silica dust during the course of his employment as a bagging operator at

---

[1] This defendant's legal name changed from Minnesota Mining and Manufacturing Company to 3M Company on April 8, 2002.

Minco, Inc. They further allege that Mr. Walker's exposure to silica and silica dust resulted from defects in respirators manufactured by 3M and Moldex-Metric, Inc. ("Moldex-Metric"). The Walkers first brought their claims regarding Mr. Walker's alleged silica-related injuries before this Court in a complaint against Moldex-Metric filed on July 14, 2008 (hereinafter "First Complaint"). Plaintiffs' Original Compl., Walker v. Moldex-Metric, Inc. No. 2:08-cv-210 (E.D.Tenn. filed July 14, 2008) (attached to the Motion to Dismiss as Exhibit 1).

In the First Complaint, the Walkers allege that Mr. Walker's "occupational illness did not distinctly manifest itself until December 15, 2007, the date in which the Plaintiff was diagnosed. . . . Plaintiff did not know or have reason to know of his illness until December 15, 2007." See First Compl., ¶ 20. The First Complaint seeks damages for past and future injuries, including damages resulting from "the physical impairment that Plaintiff will continue to suffer in the future." See First Compl. ¶15(e)(emphasis added). 3M was not named as a party in the First Complaint.

On March 20, 2009, this Court dismissed without prejudice the First Complaint for failing to establish a prima facie case pursuant to the statutory requirements of the Tennessee Silica Claims Priorities Act ("TSCPA"). Order Granting Defendant Moldex-Metric, Inc.'s Motion to Dismiss, Walker v. Moldex-Metric, Inc., No. 2:08-cv-210 (E.D. Tenn. March 20, 2009) (attached to the Motion to Dismiss as Exhibit 2).

Sixteen months after this Court dismissed the First Complaint, the Walkers filed a new complaint on August 6, 2010 (hereinafter "Second Complaint"). Plaintiffs' Original Compl., Walker v. Moldex-Metric, Inc. No. 2:10-cv-164 (E.D. Tenn. filed August 6, 2010). The Second Complaint, currently before this Court, constituted the first time the Walkers named 3M as a

defendant, more than two and one-half (2 ½) years after Mr. Walker first received a diagnosis of his alleged occupational injuries.

## II. STANDARD OF REVIEW

The Supreme Court of the United States recently explained the standard by which federal courts are to determine motions to dismiss as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations and corresponding quotation marks omitted). In elaborating on this standard, previously adopted in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Court explained:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, <u>only a complaint that states a plausible claim for relief survives a motion to dismiss.</u> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But <u>where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."</u> Fed. Rule Civ. Proc. 8(a)(2).

Ashcroft, 129 S. Ct. at 1945-50 (emphasis added; internal citations to Twombly and corresponding quotation marks omitted).

"Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." Buck v. Thomas M. Cooley Law Sch., 597 F.3d 812, 816 (6th Cir. 2010).

### III. ARGUMENT

**A. Plaintiffs' Claims are Barred by the One Year Statute of Limitations, Which Expired No Later Than December 15, 2008.**

The Walkers' claims are governed by Tenn. Code Ann. § 28-3-104, which provides a one (1) year statute of limitations period for personal injury and product liability claims. Because the Walkers allege that Mr. Walker's injuries were caused by exposure to silica and silica dust, their claims are also governed by the TSCPA. Tenn. Code Ann. § 29-34-301 *et seq.* The TSCPA provides that, with respect to claims for silica-based injuries, "the period of limitations shall not begin to run until the exposed person discovers, or through the exercise of reasonable diligence should have discovered, that the person has a physical impairment resulting from silica or mixed dust exposure." Tenn. Code Ann. § 29-34-306. Mr. Walker, by the Walkers' own admission, knew or had reason to know of his silica-related illness on December 15, 2007, and believed he had a right to damages under the TSCPA for his "physical impairment" as a result of this exposure. *See* First Compl., ¶¶ 15(e); 20; Barnes v. Owens-Corning Fiberglass Corp., 201 F.3d 815, 829 (6th Cir. 2000) (finding that pleadings in a prior case may be used as evidentiary admissions). Accordingly, the Walkers were required to name 3M as a defendant on or before December 15, 2008 to prevent the governing statute of limitations from expiring. Because they did not do so, their claims should be dismissed.

In an effort to avoid the statute of limitations, the Walkers now allege in the Second Complaint that they did not receive a "statutorily compliant diagnosis" of Mr. Walker's condition until March 9, 2010, at which time Dr. Michael T. McCormack ("Dr. McCormack"), created a letter for purposes of satisfying the TSCPA prima facie evidence requirements. See Tenn. Code Ann. § 29-34-304(a); Second Compl., Exhibit 1. The Walkers now argue that the statute of limitations tolled until Dr. McCormack submitted this letter, more than two years after Dr. McCormack first began treating Mr. Walker.

Nothing in the TSCPA limits the circumstances of a plaintiff's "discovery" of physical impairment to the formal receipt of a physicians' prima facie evidentiary showing. See Tenn. Code Ann. § 29-34-306(a). Although the TSCPA defines "physical impairment" by referring to some of the terms of the prima facie evidentiary requirements of the statute, nothing in the TSCPA precludes a plaintiff from discovering the details of his physical impairment through a diagnosis independent of the prima facie evidentiary showing. See Tenn. Code Ann. § 29-34-303(19)(referring to Tenn. Code Ann. § 29-34-304(a)(3)). As a practical matter, Mr. Walker learned from his December 2007 diagnosis that he was physically impaired under the terms of the TSCPA, as evidenced by the fact that the Walkers filed the First Complaint in July 2008 alleging that Mr. Walker was entitled to damages resulting from his "physical impairment." First Compl., ¶ 15(e). If, as the Walkers argue, the statute of limitations tolls until a plaintiff receives a formal letter articulating the prima facie evidentiary standards of the TSCPA from his physician, plaintiffs could manipulate the timing of a claim by allowing the statute to toll indefinitely between the date of diagnosis and the preparation of a formal prima facie evidentiary showing.

Regardless of the Walkers' interpretation of the TSCPA, the March 9, 2010 date is irrelevant. The Walkers should have discovered Mr. Walker's physical impairment well prior to that date through the exercise of reasonable diligence. See Tenn. Code Ann. § 29-34-206(a). It is undisputed that Mr. Walker was diagnosed with silica-related injuries on December 15, 2007, that he has remained under the treatment of Dr. McCormack since that time, and that the Walkers had attributed his "physical impairment" to past work place exposure to silica on July 14, 2008, the day the first complaint was filed. First Compl., ¶¶ 15(e), 20; Second Compl., Exhibit 1. Assuming, arguendo, that the Walkers did not in fact "discover" Mr. Walker's physical impairment during this period, it would have been only because they had failed to exercise reasonable diligence to discover the impairment, as required by the TSCPA. Tenn. Code Ann. § 29-34-306(a). The Walkers give no justification for the two-year delay between Mr. Walker's December 15, 2007 initial diagnosis and what they deem to be a "statutorily compliant diagnosis" on March 9, 2010. The Walkers should not be granted a two-year extension under the governing statute of limitations because they failed to exercise reasonable diligence.

Because the statute of limitations expired, at the latest on December 15, 2008, and because the Walkers did not bring this action against 3M until August 6, 2010, this Court should dismiss the Walkers' Complaint against 3M.

### B. Plaintiffs May Not Reinstate Any Claims Against 3M Under the TSCPA

A complaint dismissed without prejudice for failure to comply with the TSCPA's prima facie evidentiary requirements may be reinstated by the plaintiff upon a renewed prima facie showing that satisfies these requirements. Tenn. Code Ann. § 29-34-305(b). In their Response to Moldex-Metric's Motion for Judgment on the Pleadings, the Walkers argue that this section of the TSCPA gives them the "absolute right" to reinstate their complaint despite the expiration of

the governing statute of limitations. This argument goes against established Sixth Circuit precedent that as a general rule, a dismissal without prejudice has no effect on the applicable statute of limitations, and "leaves the situation the same as if the suit had never been brought." *Rice v. Jefferson Pilot Financial Ins. Co.,* 578 F.3d 450, 457 (6th Cir. 2009) (quoting *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 27 (6th Cir. 1987)). However, even assuming, arguendo, that the Walkers' interpretation of the TSCPA is correct, their only course of action under the TSCPA was to reinstate the First Complaint. Tenn. Code Ann. § 29-34-305(b). The Walkers never named 3M as a defendant in the First Complaint, and as such they have no right to reinstate a claim against 3M. The Walkers cannot "reinstate" a claim that they had never asserted in the first place. Because the Walkers never sued 3M in the First Complaint, they may not reinstate a claim against 3M under the terms of the TSCPA and this action should be dismissed against 3M.

## IV. CONCLUSION

For the foregoing reasons, 3M respectfully requests that the Court grant its Motion to Dismiss and enter an order dismissing the Walkers' claims against 3M.

Respectfully submitted,

s/Russell B. Morgan
Russell B. Morgan (No. 20218)
rmorgan@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street - Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2311

*Attorneys for 3M Company*

CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Mike Martin, Esq.
Maloney · Martin
The Clock Tower Building
3401 Allen Parkway, Suite 100
Houston, TX 77019

Joseph W. Ballard
Lewis, King, Krieg & Waldrop, P.C.
One Centre Square
620 Market Street, Fifth Floor
P.O. Box 2425
Knoxville, TN 37901

J. Randolph Bibb, Jr.
Robert F. Chapski
Lewis, King, Krieg & Waldrop, P.C.
424 Church Street , Suite 2500
P.O. Box 198615
Nashville, TN 37219-8615

Edward M. Carstarphen
Douglas B. Dougherty
Ellis, Carstarphen, Dougherty & Griggs, P.C.
5847 San Felipe, Suite 1900
Houston, TX 77057

on this 8th day of December, 2010.

                                              s/Russell B. Morgan
                                              Russell B. Morgan